# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

JERRY WAYNE BREEDEN,

    *Defendant-Appellant.*

No. 02-4674

Appeal from the United States District Court for the
Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-02-33)

Submitted: April 21, 2003

Decided: May 1, 2003

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Gregory M. Courtright, COLLINS & COURTRIGHT, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jerry Wayne Breeden appeals his conviction for possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (2000), and possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, Breeden contends that there was insufficient evidence to find him guilty beyond a reasonable doubt. Finding no reversible error, we affirm.

We must uphold Breeden's conviction on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). To convict Breeden of possession of a stolen firearm, the Government was required to prove that Breeden knowingly possessed a stolen firearm that had been shipped or transported in interstate or foreign commerce. *See* 18 U.S.C. § 922(j). To convict Breeden of possession of a firearm after a felony conviction, the Government had to prove that Breeden: (1) previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) knowingly possessed the firearm; and (3) the possession was in or affected commerce, because the firearm had traveled in or affected interstate commerce. *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).

Breeden stipulated that the 30.06 caliber rifle recovered by police was a firearm and that he had been convicted of a felony and had not had his right to own or possess a firearm restored. Furthermore, Breeden concedes on appeal that the rifle was manufactured outside of West Virginia and therefore had traveled in interstate commerce, and he does not contest that the firearm was stolen. Thus, the only issue is whether Breeden knowingly possessed the firearm. We have reviewed the record and conclude that there was sufficient evidence from which the jury could find that Breeden knowingly possessed a

stolen firearm. We are bound by the jury's credibility determinations. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Accordingly, we affirm Breeden's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*